UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES STEVEN RAWLS, JR.,

    Plaintiff,

v.                              Case No: 2:17-cv-523-FtM-99PDB

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. #20), filed on February 6, 2019, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed Objections (Doc. #21) on February 20, 2019, and the Commissioner filed a Response (Doc. #22) on February 26, 2019. For the reasons set forth below, the objections are overruled, the Report and Recommendation is accepted and adopted, and the Decision of the Commissioner is affirmed.

### I. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Despite plaintiff's statement to the contrary (Doc. #21, p. 1), failure to raise objections forfeits plaintiff's right to a *de novo* review in the district court and appellate review by any standard other than plain error. See Doc. #20, n.23 (citations omitted).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)(citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(citing Crawford, 363 F.3d at 1158-59). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)(citing Phillips v. Barnhart, 357 F.3d 1232,

1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007)(citing Martin, 894 F.2d at 1529).

## II. Plaintiff's Objections

Plaintiff raises two objections to the Report and Recommendation. Plaintiff objects to the finding that plaintiff did not become disabled prior to August 19, 2013, and the finding that the Administrative Law Judge (ALJ) properly rejected the opinion of Dr. Suniti Kukreja-Barua.

**A. Disability Onset Dates**

Plaintiff was born on November 30, 1976. On August 19, 2013, petitioner filed an application for disability benefits under three federal programs: Child's insurance benefits, disability insurance benefits, and supplemental security income benefits. Plaintiff's claim to benefits under all three programs asserted he had become disabled on October 30, 1998 due to a learning disability.

Each of the three benefits programs has a different onset date requirement. To be eligible for child's insurance benefits, plaintiff had to have become disabled before November 30, 1998, i.e., before he became 22 years old. To be eligible for disability insurance benefits, plaintiff had to have become disabled by September 30, 2002, the last date on which he was insured. To be

eligible for supplemental security income (SSI), plaintiff had to have been disabled by August 19, 2013, the date he filed the SSI application.

The ALJ issued a partially favorable decision, concluding that plaintiff was disabled when he filed the application for SSI benefits, but was not disabled as of either of the relevant dates for the other benefits. More specifically, applying the five-step sequential analysis, the ALJ determined as follows: At step one, plaintiff had not engaged in substantial gainful activity from the alleged onset date of October 30, 1998 until the date of the ALJ's decision. At step two, plaintiff had the severe impairment of "borderline intellectual functioning" since October 30, 1998, and the severe impairments of "borderline intellectual functioning and dependent personality disorder" on August 19, 2013. At step three, the ALJ found that before plaintiff turned 22 (November 30, 1998) and before the date he was last insured (September 30, 2002) plaintiff had no impairment or combination of impairment which met or medically equaled the severity of any impairment in the Listing of Impairments. For the period for which plaintiff was eligible for SSI benefits (beginning August 19, 2013, the date an application was filed), the ALJ found that plaintiff satisfied Listing 12.05 and therefore was disabled as of that date for SSI benefit purposes.

The ALJ then determined plaintiff's residual functional capacity (RFC) for the two time periods which remained at issue, concluding plaintiff had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations (performing simple, routine tasks; occasional interactions with coworkers and supervisors, but no public interaction; occasional changes in work routine.) At step four, the ALJ found plaintiff had no past relevant work for either relevant time periods. At step five, the ALJ found that for both relevant time periods there were jobs in significant numbers in the national economy that plaintiff could perform, and therefore he was not disabled as of the cutoff dates for either category of benefits.

The magistrate judge found substantial evidence supported the ALJ's findings as to onset dates, to which plaintiff has objected. After a *de novo* review, the Court agrees with the magistrate judge. Substantial evidence supports that ALJ's findings that plaintiff was not disabled as of the dates required to be eligible for child's insurance benefits or disability insurance benefits. Plaintiff's objection is overruled.

**B. Dr. Kukreja-Barua**

Plaintiff disagrees with the weight given to Dr. Kureja-Barua's opinion by the ALJ, and objects to the findings and conclusions by the magistrate judge that substantial evidence to

support the ALJ.  After *de novo* review, the Court agrees with the magistrate judge.

Dr. Kureja-Barua found that plaintiff had a mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation, each of extended duration.  On a form, Dr. Kureja-Barua opined that plaintiff had no restriction in the ability to remember simple instructions and carry out simple instructions, with mild restrictions in the ability to make judgments on simple work-related decisions.  Dr. Kureja-Barua later stated, however, that a person such as plaintiff would have marked restrictions in activities of daily living and marked restrictions in concentration, persistence, and pace and that anyone with a personality disorder would have marked difficulties in social functioning.

The ALJ gave Dr. Kureja-Barua's opinion little weight.  The ALJ found that Dr. Kureja-Barua's opinion was "not well supported or explained, generally consisting of one-sentence conclusions with no explanation. Her opinion is internally inconsistent, finding both only mild "b" criteria and moderate to significant limitations. Her opinions reflected in testimony were likewise overbroad and unsupported."  (Doc. #15-2, Tr. 30.)

The Court has reviewed the testimony, Doc. #15-2, Tr. 80-97, and finds that the ALJ's decision to give Dr. Kureja-Barua's opinion little weight is supported by substantial evidence. Therefore the objection is overruled.

Accordingly, it is now

**ORDERED:**

1. The Objections (Doc. #21) filed by plaintiff are **overruled.** The Report and Recommendation (Doc. #20) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **affirmed** under sentence four of 42 U.S.C. § 405(g).

3. The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __8th__ day of March, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Patricia D. Barksdale
U.S. Magistrate Judge

Counsel of Record